# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. CV 07-05515 PA (AJWx)                    Date: June 16, 2008

Title: <u>Francisco Narciso v. City of Downey, et al.</u>

=================================================
**PRESENT:**     **HON.  ANDREW J. WISTRICH, U.S. MAGISTRATE JUDGE**

   <u>Ysela Benavides</u>                              <u>Not Present</u>
    Deputy Clerk                                    Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**
  <u>  None  </u>                                                    <u>  None  </u>

**ORDER REGARDING DEFENDANTS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION.**

As to interrogatories 1, 2, and 3, the motion is **denied.** The information sought by these interrogatories is relevant, and plaintiff certainly could have provided at least some additional detail. On the other hand, it is unclear what level of detail is sought, and specifying a level of detail would require that the Court rewrite these interrogatories. Moreover, defendants have taken plaintiff's deposition. A deposition would be a preferable device for obtaining the information sought by these interrogatories because defendants could craft their questions to obtain the level of detail they require, follow up as necessary, and exhaustively explore plaintiff's recollection of what he and others did or failed to do during the incident underlying this lawsuit. *See* Fed. R. Civ. P. 26(b)(2)(C)(i).

As to interrogatory 10, the motion is **granted.** Admissibility, or even ability to use for impeachment, is not a prerequisite to discoverability. Moreover, even if it cannot be used for impeachment, plaintiff's arrest history may be relevant if plaintiff contends he did not understand police officers' commands, etc. The precise scope of defendants' ability to use this information on motion or at trial, if any, can be resolved later.

As to interrogatory 17, the motion is **granted**. Plaintiff has not provided the cost of the medications or the dates on which he started and stopped taking them. If plaintiff has no other responsive information, he must say so explicitly.

As to interrogatory 18, the motion is **granted**, but its temporal scope is limited to ten years preceding the incident underlying this case. Plaintiff has not provided the name of any medications or the dates on which he started and stopped taking them. If plaintiff has no other responsive information, he must say so explicitly.

As to interrogatory 19, the motion is **granted.** Plaintiff must provide all responsive information or explicitly state that he has none.

As to requests for production 13 and 14, the motion is **denied.** In response to both requests, plaintiff has explicitly said that there is "[n]o such document in plaintiff's custody or control." The Court accepts the representation of plaintiff and his counsel.

The parties' respective requests for sanctions are **denied**.

Plaintiff must serve verified supplemental responses to the interrogatories no later than June 23, 2008.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

**IT IS SO ORDERED.**

cc: Parties

MINUTES FORM 11                    Initials of Deputy Clerk_____
CIVIL-GEN